ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
The appellee has filed an Application for Rehearing that is accompanied by a Motion
*1033 pursuant to Rule 39(k) of the Alabama Rules of Appellate Procedure; in the first paragraph of the Motion is the following:
“On page 1030 of this Court’s opinion it was stated that ‘... Officer Ingram testified positively that it [State’s Exhibits 1 and 2] was delivered to Mr. Hubbard on the night of May 4, 1984 ...,’ but that ‘appellee respectfully submits that an examination of the testimony of Officer Ingram does not positively state that he turned over the marijuana on May 4, 1984, to Hubbard.’ ”
In our opinion on original submission, we quoted from the testimony of Officer Ingram as to his delivery of the exhibits to Mr. Hubbard that led us to believe that he testified that he delivered the substance to Mr. Hubbard on the night of May 4, 1984, but we now recognize that it may not justify the statement in the opinion on original submission that “Officer Ingram testified positively that it was delivered to Mr. Hubbard on the night of May 4, 1984.” In this connection, we note that the attorney for appellee does not, in the application for rehearing nor in the brief in support thereof, seem now to question the opinion of the court on original submission that our conclusion was correct that “according to the testimony of Officer Ingram the substance was delivered to Mr. Hubbard on the night of May 4,1984.” It is also to be noted that counsel for appellee does not take the position that the definite testimony of Mr. Hubbard that the substance was delivered to him on July 5, 1984, can be reasonably reconciled with the testimony of Officer Ingram as to the time of his delivery of the substance to Mr. Hubbard, but the attorney for appellee strenuously argues that the identity of the substance delivered to Mr. Hubbard by Officer Ingram and the substance chemically analyzed and testified to by Mr. Hubbard is established by the envelope, the plastic bag within the envelope that contained the substance examined by Mr. Hubbard and the unbroken seal of the sealing tape with the undisturbed initials of Officer Ingram and Officer Sykes thereon.
The attorney for appellee would be correct in the conclusion drawn by what we have stated above if it can be reasonably assumed that the particular controlled substance that defendant was charged with possessing and which Mr. Hubbard determined to be marijuana was the only marijuana similarly packaged, taped and sealed with the initials of Officer Ingram and Officer Sykes thereon between the night of May 4, 1984, and July 5, 1984. We do not think that such an assumption is justified. On the other hand, the very nature of the work engaged in by Officer Sykes and Officer Ingram in “working under cover in vice and narcotics” indicates to us that their working together in this respect could have resulted in one of them turning over to Mr. Hubbard, the forensic laboratory analyst and drug chemist, more than one package of marijuana sealed and initialed by the two officers as the particular exhibits as to which Mr. Hubbard testified in the instant case. This being true, we continue to hold that there was no “reconciliation” between the testimony of Mr. Hubbard and the testimony of Officer Ingram as to when Officer Ingram delivered the substance to Mr. Hubbard and that the trial court was in error in not granting defendant’s motion to exclude the evidence for the reason that the proper chain of possession had not been shown to admit the particular packaged marijuana in evidence.
The opinion on original submission is extended, and the Application for Rehearing should be overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
BOWEN, TYSON, PATTERSON and McMILLAN, JJ., concur.
TAYLOR, J., dissents.